WASSON v. PHILLIPS

4-3727

Opinion delivered February 25, 1935.

*J. R. Pugh* and *Ogan, Shaver & Ogan*, for appellant.
*Giles Dearing*, for appellee.

SMITH, J.   The. Bank of Earl failed, and appellant, as State Bank Commissioner, took charge of its assets on January 4, 1932, and exactly two years later filed this suit against appellee to collect two notes, each for $900, which appellee had executed to the order of the bank. The first note was dated July 1, 1931, and matured four months after date.   The second note was dated November 21, 1931, and matured December 20 after date.

The notes were based upon an original loan of $5,000 made by the bank to appellee in March, 1930.   Numerous payments were made on this loan, and renewal notes were executed for balances remaining due after the payments had been credited.   No additional loan was made.

Testimony of a very plausible nature was offered by appellee to the effect that the note dated November 21, 1931, was a renewal of the note dated July 1, 1931.   Testimony less plausible was offered by appellee to the effect that the second or later note was paid.   We do not review the testimony upon the question of payment. It is in irreconcilable conflict.   It must suffice to say that the testimony was legally sufficient to support the finding that the note had been paid, and it was, of course, subject to any defense which might have been made, had the bank—and not the Bank Commissioner—been the plaintiff.   *Sloss* v. *Taylor*, 182 Ark. 1031, 34 S. W. (2d) 231;

*Taylor* v. *Dierks Lbr. & Coal Co.,* 183 Ark. 937, 39 S. W. (2d) 724.

Appellee admitted the execution of the notes and assumed the burden of proving payment. In making this proof testimony was offered as to transactions in which the Earl Credit Corporation was concerned, and at the conclusion of all the testimony the request was made that the submission of the cause be withdrawn, and that it be transferred to equity, which request was denied by the court.

It is probably true that some of the testimony came as a surprise to the plaintiff, but it was all within the issues raised by the plea of payment. The court, had it been requested in apt time so to do, would, no doubt, have required the allegation of payment to be made more definite and specific as to time and manner of payment; but we are unable to say that the court, under the circumstances, abused its discretion in refusing to transfer the case to equity. The matter of accounting was not so intricate or involved as to make a reference to a master necessary to correctly determine the issues. It will also be remembered that the plaintiff selected his forum when he sued at law without allegation of such intricacy of accounts as to make a reference to a master necessary to ascertain the facts. The case presented no issue not properly triable before a jury, and the disputed questions of fact were resolved in appellee's favor by a jury under instructions which are not questioned.

The judgment must therefore be affirmed, and it is so ordered.